**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **David M. Bickauskas** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | **Case No. 1:17-cv-1073** |
|     v. | ) | |
| | ) | **Hon.** |
| **Ground Breakers, Inc.,** | ) | |
| **Michael Wood, and Robert** | ) | |
| **Moszkiewicz** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## COMPLAINT

Plaintiff, David M. Bickauskas ("Plaintiff"), by and through his attorneys, Mitchell S. Chaban and Robert G. Cooper of Levin Ginsburg, by and for his complaint against Ground Breakers, Inc., Michael Wood and Robert Moszkiewicz, individually (collectively referred to herein as "Defendants"), states:

## NATURE OF PLAINTIFF'S CLAIM

1. This lawsuit arises under the Fair Labor Standards Act, 29 USC §201 *et seq.* ("FLSA"), for Defendants' failure to pay Plaintiff overtime wages at a rate of one and a half times over his regular rate of pay, and also involves a common-law claim for breach of contract.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs FLSA claims pursuant to 28 USC §1331, arising under 29 USC §216(b). This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC §1367.

3. Venue is proper in this judicial district as the facts and events given rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff David M. Bickauskas resides and is domiciled in this judicial district.

5. Plaintiff is a former employee of Defendants.

6. Plaintiff performed a variety of non-exempt tasks for Defendants including, but not limited to, operating equipment, bringing fuel to the job site each morning, moving Bobcats, setting up and monitoring GPS units, and filling in at the shop, as needed.

7. During the course of his employment, Plaintiff handled goods that moved in interstate commerce and performed non-exempt work.

8. Defendant Groundbreakers, Inc. is an Illinois corporation doing business within this judicial district. Defendant Groundbreakers is an "enterprise" as defined by §3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of §3S(1)(A), 29. U.S.C. §203(s)(1)(A).

9. Defendant Groundbreakers was Plaintiff's "employer," as that term is defined by the FLSA, 29 U.S.C. §203.

10. Defendant Michael Wood is the President of Groundbreakers and Defendant Robert Moszkiewicz is the general manager.

11. Defendants Wood and Moszkiewicz are involved in the day-to-day business operations of Groundbreakers. Among other things, Defendants Wood and Moszkiewicz have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts and the authority to participate in decisions regarding employee compensation and capital expenditures.

12. Defendants Wood and Moszkiewicz are Plaintiff's "employers" as that term is defined in the FLSA, 29 U.S.C. 203(d).

13. Upon information and belief, Defendants Wood and Moszkiewicz both reside and are domiciled in this judicial district.

## FACTUAL ALLEGATIONS

14. Defendants operate an excavating contracting company in the Chicago metro community.

15. Plaintiff worked for Defendants from March 15, 2016 until January 15, 2017.

16. On or about March 8, 2016, Plaintiff entered into an employment contract with Defendants stating that Plaintiff would be paid $41.50 per hour for a 45-hour work week for a total weekly wage of $1,867.50. A true and correct copy of the employment contract is attached hereto as Exhibit 1.

17. During the course of Plaintiff's employment with Defendants, Plaintiff maintained detailed records of the hours he worked for Defendants.

18. Despite working more than 40 hours in individual work weeks, Plaintiff was not paid time and a half for all hours over 40 in work weeks he worked overtime for Defendants.

19. Plaintiff's time records reflect that he worked in excess of approximately 500 hours of overtime for which he was not paid at all and approximately 200 hours of overtime for which he was paid straight time rather than time and a half.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT - OVERTIME WAGES

20. Plaintiff hereby realleges and incorporates paragraphs 1 through 19 of this complaint, as if fully set forth herein.

21. This count arises from Defendants violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

22. Plaintiff worked for Defendants and was an "employee" as defined by §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

23. Defendants were Plaintiff's "employer" within the meaning of §3(d) of the FLSA, 29 U.S.C. §3(d).

24. During the course of his employment by Defendants, Plaintiff was not exempt from overtime wage provisions of the FLSA, 29 U.S.C. §207.

25. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

26. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and a half times his regular hourly rate of pay.

27. Defendants did not compensate Plaintiff at a rate of one and a half time his regular hourly rate of pay at the time he worked in excess of 40 hours in individual work weeks.

28. Defendants failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount equal to one and a half times Plaintiff's regular rate of pay for all times Plaintiff worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of overtime, compensation found due;

C. Reasonable attorneys' fees and costs for filing this action; and

D. Such other and further relief as this Court deems appropriate.

## COUNT II
## BREACH OF CONTRACT

29. Plaintiff hereby realleges and incorporates paragraphs 1 through 28 of this complaint, as if fully set forth herein.

30. The employment agreement was an enforceable contract between Plaintiff and Defendants.

31. The employment agreement states that the term of the contract is "yearly based on reviews." *See* Exhibit 1.

32. Plaintiff began working for Defendants on March 15, 2016 until Defendants terminated Plaintiffs employment without cause on January 15, 2017.

33. Defendants breached the employment agreement by failing to pay Plaintiff his weekly wage through the one-year anniversary of the employment contract.

34. Defendants owe but have failed to pay Plaintiff a weekly wage of $1,867.50 for the period January 15, 2017 through March 15, 2017, a 8-1/2 week period.

35. Plaintiff has suffered damages as a result of Defendants' breach of the employment agreement in an amount equal to at least $15,873.75.

36. Plaintiff performed all obligations required of Plaintiff under the employment agreement.

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendants as follows:

A. A judgment in the amount of all unpaid monies due to Plaintiff under the employment contract; and

B. Such other and further relief as this court deems appropriate and just.

Respectfully submitted,

DAVID M. BICKAUSKAS

By:   /s/Mitchell S. Chaban
       One of His Attorneys

Mitchell S. Chaban
*mchaban@lgattorneys.com*
Robert C. Cooper
*rcooper@lgattorneys.com*
LEVIN GINSBURG
180 North LaSalle Street, Suite 3200
Chicago, Illinois 60601-2800
Telephone: 312-368-0100
Fax: 312-368-0111